UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANNE L. GIBSON, | ) | NO. EDCV 06-0153-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

**SUMMARY OF PROCEEDINGS**

On February 15, 2006, plaintiff, Dianne L. Gibson ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act").[1] On March 24, 2006, the parties filed a consent to proceed before the

---

[1] This the second complaint plaintiff filed seeking judicial review of the denial of benefits by the Commissioner. On October 29, 2003, in case number ED CV 03-640, judgment was entered against plaintiff and in favor of the Commissioner.

magistrate judge. On June 1, 2006, plaintiff's brief was filed. On June 26, 2006, the defendant filed a brief.

**SUMMARY OF ADMINISTRATIVE RECORD**

1. <u>Proceedings</u>

On August 14, 2001, plaintiff, then 38 years old, filed an application for Supplemental Security Income ("SSI"), alleging disability since October 10, 2000 due to diabetes; enlarged liver and spleen; muscle spasms; back, neck, and shoulder pain; and, fluid around heart and right lung. The application was denied initially, upon reconsideration, after a hearing before an administrative law judge ("ALJ") and in district court. (<u>See</u> case no. ED CV 03-640-CT and cited transcript references in "the first case").

On March 27, 2003, while the first case was pending administratively, plaintiff filed another application for "SSI", alleging disability since November 19, 1987 due to shoulder and neck pain; carpal tunnel in both wrists; surgery on left wrist; cervical radiculopathy left C7 nerve root; and, chronic lumbar bilateral radiculopathy. (TR 54-57, 80).[2] The application was denied initially and upon reconsideration. (TR 30-33, 36-40).

On November 4, 2003, plaintiff filed a request for a hearing before an "ALJ". (TR 41-42). On October 5, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 510-45). The ALJ also considered vocational expert ("VE") testimony. On January 18, 2005, the ALJ issued a decision that plaintiff was not disabled, as

---

[2] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

defined by the Act, because she could perform a limited range of sedentary work. Thus, plaintiff was not eligible for benefits. (TR 11-14).

On February 21, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 7). On January 5, 2006, the request was denied. (TR 4-6). Accordingly, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff subsequently sought judicial review in this court.

2. <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and summarizes some of the evidence in this case.

<u>PLAINTIFF'S CONTENTIONS</u>

Plaintiff essentially contends as follows:
1. The ALJ failed to properly consider her treating physicians' opinions; and,
2. The ALJ failed to consider lay witness testimony.

<u>STANDARD OF REVIEW</u>

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v.</u>

<u>Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

DISCUSSION

1.  <u>The Sequential Evaluation</u>

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed

4

impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2. Issues

A. Treating Physicians' Opinions (Issue #1)

Plaintiff asserts that the ALJ failed to give proper weight to the opinion of plaintiff's treating physicians, Dr. Stephen Damiani and Dr. Krishna Murthy.

A treating physician's opinion generally is entitled to great weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted); Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews v. Shalala, 53 F.3d at 1041 (citation omitted). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527.

"The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Andrews v. Shalala, 53 F.3d at 1041 (citation omitted). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's physical impairments are similar. Sprague v. Bowen, 812 F.2d at 1230.

1  To reject the uncontroverted opinion of plaintiff's physician, the ALJ
2  must present clear and convincing reasons for doing so. <u>Andrews v.</u>
3  <u>Shalala</u>, 53 F.3d at 1041 (citation omitted).  If the treating
4  physician's opinion is contradicted by other doctors, the Commissioner
5  may not reject the opinion without providing "specific and legitimate
6  reasons" for doing so that are supported by substantial evidence.
7  <u>Rollins v. Massanari</u>, 261 F.3d 853, 856 (9th Cir. 2001) (citation
8  omitted).  <u>See</u> <u>also</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148-49 (9th
9  Cir. 2001).

10     Here, Dr. Damiani indicated in a form dated March 11, 2004, which
11 was apparently solicited by plaintiff's current counsel, that plaintiff
12 is unable to work.  (TR 501-04).  He indicated on a series of checked
13 boxes that plaintiff could lift less than 10 pounds, has a maximum
14 ability to sit, stand and walk for less than 2 hours, and would have to
15 lie down 5-6 times per day.  (<u>Id</u>.)  On April 7, 2004, Dr. Murthy
16 reported on a similar checklist that plaintiff has marked concentration
17 and distraction limitations and Dr. Murthy predicts frequent absenteeism
18 as a result of these limitations.  (TR 504-05).

19     The ALJ essentially rejected these opinions. The ALJ reasoned:
20 "these are the usual forms generated by counsel soliciting opinions
21 merely through a series of checked boxes and without specific objective
22 support ...."  (TR 13).  However, the record does contain medical
23 records from Dr. Damiani for the period November 17, 2000 - August 17,
24 2004, which records include some objective testing. (TR 226-396, 443-
25 99).  While it is not clear that Dr. Damiani's disputed opinion covers
26 the requisite 12 month durational requirement, the ALJ'S conclusion is
27 not supported by substantial evidence.

28

6

1 Remand is warranted on this issue.

2 B. <u>Lay Witness Testimony (Issue #2)</u>

3 Plaintiff contends that the ALJ failed to consider a third party Daily Activities Questionnaire completed by her husband, Aaron Gibson. (<u>See</u> TR 102-07).

6 "[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." <u>Sprague v. Bowen</u>, 812 F.2d at 1232; <u>see also</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 254 (1996). The ALJ may not discount witness reports solely because they were procured by plaintiff. <u>Crane v. Shalala</u>, 76 F.3d at 254 (citation omitted). Rather, if the ALJ wishes to discount the testimony of a lay witness, he must give reasons that are germane to that witness. <u>Id</u>.

14 Here, on May 18, 2003, plaintiff's husband completed a third party Daily Activities Questionnaire. Among other things, Mr. Gibson reported that plaintiff has some difficulty with her grooming, pain and memory. (TR 103, 106).

18 The ALJ did not discuss Mr. Gibson's questionnaire in his written decision. However, even assuming the unsworn questionnaire constitutes testimony, taken as a whole, it does not support plaintiff's position that she is incapable of even a limited range of sedentary work. Moreover, this questionnaire predates the prior adverse decision in case number ED CV 03-640.

24 Remand is unwarranted on this issue.

<u>REMAND IS APPROPRIATE IN THIS CASE</u>

26 The decision whether to remand a case for additional evidence is within the discretion of the court. <u>Sprague v. Bowen</u>, 812 F.2d at 1232.

7

Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). On remand, the Commissioner should consider, in addition to Dr. Damiani's opinion and records, the effect of the adverse decision in case number ED CV 03-640 on plaintiff's current claim that she is disabled.

## CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

DATED: 6/28/06

                                          / S /
                                        CAROLYN TURCHIN
                                        UNITED STATES MAGISTRATE JUDGE